# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TODD JAY SCHOENROGGE, ) | |
| ) | |
| Plaintiff, ) | **CIVIL ACTION** |
| ) | |
| v. ) | No. 07-1032-MLB |
| ) | |
| KEVIN D. ROONEY, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

### MEMORANDUM AND ORDER

Before the court are the following:

1. Plaintiff's pro se petition for order authorized by 28 U.S.C. § 1363 (Doc. 1);

2. U.S. Magistrate Judge Donald W. Bostwick's Report and Recommendation of Dismissal (Doc. 3); and

3. Plaintiff's objection (Doc. 4).

Plaintiff alleges that he is a resident of St. Francis, Kansas. Defendant Kevin Rooney is alleged to be the Director of the United States Department of Justice Executive Office for Immigration Review. According to the allegations of the petition, Mr. Rooney "became knowledgeable" that several employees of the Executive Office for Immigration Review were bringing alcoholic beverages into an institution that houses federal inmates or were involved in other wrongful activity. Reading the petition liberally (or, perhaps, between the lines), plaintiff attempted to advise Rooney of this alleged wrongful conduct and was rebuffed. Plaintiff seeks an order pursuant to 28 U.S.C. § 1361 ". . . directing Kevin D. Rooney to order the immediate removal from federal service of the above named employees."

By his order of April 20, 2007, Judge Bostwick found that plaintiff's request for a writ of mandamus should fail because he has not demonstrated a clear right to the relief sought and a clear duty on the part of Rooney to terminate the employees.  Plaintiff responds with citations to statutes and regulations which purport to support his claims of illegal behavior by the employees as well as 28 U.S.C. § 535 which confers jurisdiction on the attorney general and the Federal Bureau of Investigation to investigate any violation of federal criminal laws involving government officers and employees.  However, plaintiff does not respond in any manner to Judge Bostwick's determination that plaintiff cannot satisfy the requirements of 28 U.S.C. § 1361.[1]

Pursuant to the provisions of 28 U.S.C. § 636(b)(1), this court has made a de novo determination of the report and recommendation of Judge Bostwick and accepts his report and recommendation.  Accordingly, this matter is dismissed, with prejudice.

IT IS SO ORDERED.

Dated this __7th__ day of May 2007, at Wichita, Kansas.

s/ Monti Belot  
Monti L. Belot  
UNITED STATES DISTRICT JUDGE

---

[1] Based on a letter attached to plaintiff's objections, it would appear that plaintiff requested an investigation pertaining to importation of alcohol into a federal prison in Eloy, Arizona.  His request for an investigation was forwarded to the FBI by an assistant U.S. attorney in the District of Arizona.